**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EFRAIN RENE LOPEZ MIRANDA, | Nos. 17-70903 |
| Petitioner, | 17-72525 |
| v. | Agency No. A200-552-360 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petitions for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2019**

Before:     FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

In these consolidated petitions for review, Efrain Rene Lopez Miranda, a

native and citizen of Guatemala, petitions for review of the Board of Immigration

Appeals' ("BIA") orders denying his motion to reopen and denying his motion to

reconsider.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse

of discretion the denial of motions to reopen or to reconsider and review de novo

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law and claims of due process violations. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review in 17-70903, and deny the petition for review in 17-72525.

The BIA did not abuse its discretion in denying Lopez Miranda's motion to reopen based on ineffective assistance of counsel, where he did not show prejudice from any ineffective assistance. *See id.* at 793-94 (to prevail on an ineffective assistance of counsel claim, alien must show counsel failed to perform with sufficient competence and that he was prejudiced by counsel's performance; prejudice results when performance was so inadequate that it may have affected the outcome of proceedings).

The BIA did not abuse its discretion in denying as untimely Lopez Miranda's motion to reopen to seek newly available relief, where it was filed more than nine months after his final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Lopez Miranda's contentions regarding changed personal circumstances do not meet any statutory or regulatory exception to the filing deadline. *See* 8 U.S.C. § 1229a(c)(7)(ii)-(iv); 8 C.F.R. § 1003.2(c)(3); *cf.* 8 U.S.C. § 1229a(c)(7)(C)(ii) (time and numerical limitations do not apply to aliens seeking to apply for asylum or withholding of removal based on changed circumstances in the country of removal); 8 C.F.R. § 1003.2(c)(3)(2) (same).

Lopez Miranda's contentions that the BIA relied on conjecture, mischaracterized evidence, or failed to properly consider all factors, arguments, and evidence are not supported by the record. Thus, the BIA did not err or violate due process in denying the motion to reopen. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

We lack jurisdiction to review Lopez Miranda's unexhausted contention that the government failed to meet its burden of proof regarding removability. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

Lopez Miranda does not raise, and therefore waives, any challenge to the BIA's denial of his motion to reconsider. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived).

**IN 17-70903, PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**IN 17-72525, PETITION FOR REVIEW DENIED.**